Peter A. Quinn, J.
Motion brought on by order to show cause seeks an injunction pending a hearing and determination by petitioner of a complaint against respondents. However meritorious the application may be, it now appears that the Corporation Counsel was without authority to apply for the order to show cause herein at New York County; moreover, the commission was without authority to direct the Corporation Counsel to apply for the order to show cause at New York County. The Administrative Code (§ Bl-8.0, subd. 4) in specifying the procedure governing the exercise of the commission’s powers explicitly provides that “ the commission may direct the corporation counsel to apply in the name of the commission to the supreme court in any county within the city of New York where the alleged unlawful discriminatory practice was committed, or where any respondent resides or maintains *341 an office for the transaction of business, or where the housing accommodations, land or commercial space specified in the complaint is located, for an order requiring the respondents or any of them to show cause why they should not be enjoined ”. The petitioner does not deny that all of the criteria determining the county in which the application for an order to show cause must be made point exclusively to Bronx County.
The Corporation Counsel on his application for the order to show cause at Special Term, New York County, did not undertake to show what direction he had received from the commission, nor to disclose the lack of authority to apply or to direct him to apply anywhere other than Bronx County, nor to explain nor excuse the latent disregard for the statutory requirement.
This is no mere question of the venue in which an action properly commenced is to be tried. This goes to the validity of the first process by which the proceeding is initiated. The order to show cause was procured by nondisclosure (however inadvertent) of a material fact and amounts to a tacit misrepresentation upon which the court necessarily relied in issuing its process. A proceeding infected at its very commencement by unexplained, unjustified noncompliance with the plain provisions of the statute will not be permitted to continue in disregard of initial jurisdictional requirements. The petition is dismissed without prejudice to renewal at the proper county upon a proper showing of due authority to act in conformity with the statute.